**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**SIMONE PHILLIPS, as Special**
**Administrator and Personal Representative**
**of the Estate of**
**JAMEKIO WILLIAMS, Deceased**                                           **PLAINTIFF**

**v.**                                   **Case No. 4:25-cv-33-KGB**

**GUADALUPE MUNOZ,** *et al.*                                          **DEFENDANTS**

### OPINION AND ORDER

Before the Court is separate defendant GISS, Inc.'s ("GISS") motion for summary judgment (Dkt. No. 66). Plaintiff Simone Phillips, as Special Administrator and Personal Representative of the Estate of Jamekio Williams, deceased, responded under seal (Dkt. No. 99). GISS replied (Dkt. No. 125). For the following reasons, the Court denies GISS's motion for summary judgment (Dkt. No. 66).

### I.      Factual Background

This case arises from a motor vehicle crash between Phillips's vehicle and a tractor-trailer operated by defendant Guadalupe Munoz on September 21, 2024 (Dkt. No. 2). Phillips brings tort actions for wrongful death and a survival action for ordinary negligence—including *respondeat superior* liability—against all defendants, negligent hiring against GI Super Service, Inc. ("GI Super Service") and GISS, negligent training against GI Super Service and GISS, negligent supervision by GI Super Service and GISS, and negligent retention against GI Super Service and GISS (Dkt. No. 2, ¶¶ 40–78).

As required by Federal Rule of Civil Procedure 56 and Local Rules 56.1 and 7.2, GISS submitted a statement of uncontested material facts in support of its motion for summary judgment (Dkt. No. 68). *See* Fed. R. Civ. P. 56; Local Rules for the United States District Court for the

Eastern and Western Districts of Arkansas, 56.1, 7.2. Phillips responded to GISS's statement of uncontested facts under seal (Dkt. No. 98). The Court recounts the facts from GISS's statement and Phillips's response to the statement (Dkt. Nos. 68; 98).

The parties do not dispute that GISS is an Illinois corporation with its principal place of business in Illinois (Dkt. No. 98, ¶ 1).

GISS contends the following facts are true, but Phillips disputes these facts. GISS has never employed, contracted with, or paid its funds to Munoz, nor has it ever been involved in the hiring, supervision, training, instruction, or retention of Munoz (Dkt. No. 68, ¶ 2). GISS did not own, lease, or control, or share in the control of, the tractor or the trailer, or any of their components, that Munoz was driving at the time of the September 21, 2024, accident that is the subject of the pending lawsuit (*Id.*, ¶ 3). GISS did not serve as the shipper, consignee, bailee, or owner of the cargo being carried by the tractor trailer that Munoz was operating at the time of the September 21, 2024, accident (*Id.*, ¶ 4). No GISS driver or other agent was involved in any way with the subject accident (*Id.*, ¶ 5). GISS had no agreement with GI Super Service or Munoz regarding the transportation of the load in question (*Id.*, ¶ 6). GISS had no agreement with GI Super Service or Munoz or anyone else to pursue a common plan or design for the commission of the subject accident (*Id.*, ¶ 7). GISS made no payment and received no compensation or other consideration from the trip Munoz was on at the time of the accident (*Id.*, ¶ 8). There was no relationship between GISS and either Phillips or Williams before or at the time that the September 21, 2024, accident took place (*Id.*, ¶ 9). GISS maintains its own corporate identity separate from GI Super Service (*Id.*, ¶ 10). GISS maintains all requisite corporate formalities and keeps separate books and is a separate and distinct legal entity from GI Super Service (*Id.*).

2

Phillips disputes each of these facts with citation to an attached exhibit, an insurance declaration page produced by defendants, with Bates Number WLJ-AIFE-000045 (Dkt. No. 99). That exhibit was filed under seal pursuant to the terms of the protective order in this case (Dkt. No. 26). The Court has carefully reviewed the insurance declaration page, which provides that "GI Super Service Inc dba Giss Inc" is the named insured (Dkt. No. 99, at 7). The address listed for "GI Super Service Inc dba Giss Inc" is 2256, Landmeir Road, Unit B Elk Grove Village, IL 60007 (*Id.*).

The Court observes that the address is the same as the addresses listed for GI Super Service on its Federal Motor Carrier Safety Administration Safety and Fitness Electronic Records system ("SAFER") page [1] and, notably, is different than GISS's listed address on GISS's SAFER page.[2]

## II.     Summary Judgment Legal Standard

Summary judgment is appropriate if there is no genuine issue of material fact for trial. *UnitedHealth Grp. Inc. v. Exec. Risk Specialty Ins. Co.*, 870 F.3d 856, 861 (8th Cir. 2017) (citing Fed. R. Civ. P. 56). Summary judgment is proper if the evidence, when viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue of material fact such that the movant is entitled to entry of judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "The party requesting summary judgment is 'entitled to judgment as a matter of law,' Fed. R. Civ. P. 56(c), if the non-movant fails 'to make a showing sufficient to establish the

---

[1] U.S. Dept. of Transportation Federal Motor Carrier Safety Administration Safety and Fitness Electronic Records (SAFER) System, GISS Company Snapshot, https://safer.fmcsa.dot.gov/query.asp?searchtype=ANY&query_type=queryCarrierSnapshot&query_param=USDOT&query_string=1216397 (last accessed May 27, 2026).

[2] U.S. Dept. of Transportation Federal Motor Carrier Safety Administration Safety and Fitness Electronic Records (SAFER) System, GISS Company Snapshot, https://safer.fmcsa.dot.gov/query.asp?searchtype=ANY&query_type=queryCarrierSnapshot&query_param=USDOT&query_string=1927786 (last accessed May 27, 2026).

existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'"  *Vaughn v. Wallace*, 496 F.3d 908, 910–11 (8th Cir. 2007) (quoting *Sallis v. Univ. of Minn.*, 408 F.3d 470, 474 (8th Cir. 2005)).

"In ruling on a motion for summary judgment '[t]he district court must base the determination regarding the presence or absence of a material issue of factual dispute on evidence that will be admissible at trial.'"  *Tuttle v. Lorillard Tobacco Co.*, 377 F.3d 917, 923–24 (8th Cir. 2004) (internal citations omitted).  "'Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial.'"  *Johnson Reg'l Med. Ctr. v. Halterman*, 867 F.3d 1013, 1016 (8th Cir. 2017) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).  A factual dispute is genuine if the evidence could cause a reasonable jury to return a verdict for either party.  *Miner v. Local 373*, 513 F.3d 854, 860 (8th Cir. 2008).  "The mere existence of a factual dispute is insufficient alone to bar summary judgment; rather, the dispute must be outcome determinative under the prevailing law."  *Holloway v. Pigman*, 884 F.2d 365, 366 (8th Cir. 1989) (citation omitted).

Parties opposing a summary judgment motion may not rest merely upon the allegations in their pleadings.  *Buford v. Tremayne*, 747 F.2d 445, 447 (8th Cir. 1984).  The initial burden is on the moving party to demonstrate the absence of a genuine issue of material fact.  *Celotex Corp.*, 477 U.S. at 323.  The burden then shifts to the nonmoving party to establish that there is a genuine issue to be determined at trial.  *Prudential Ins. Co. v. Hinkel*, 121 F.3d 364, 366 (8th Cir. 2008), *cert. denied*, 522 U.S. 1048 (1998).  "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citation omitted).

### III.    Discussion

GISS moves for summary judgment on all claims against it (Dkt. No. 66).  GISS argues that there is no factual basis for Phillips's claims against GISS because, according to GISS, GISS has no role or connection to the drivers, vehicles, cargo, or accident (Dkt. No. 67).  GISS also argues that it cannot be vicariously liable under the theory of *respondeat superior* because it was not involved with any of the alleged tortfeasors (*Id.*).  Phillips argues that summary judgment is not proper because the insurance policy defendants produced in discovery provides a named insured of "GI Super Service Inc dba Giss Inc" (Dkt. No. 99, ¶ 2; *id.* at 7).  Phillips questions how GI Super Service and GISS are separate corporate entities despite purportedly sharing the same insurance policy with an insured identified as "GI Super Service Inc dba Giss Inc" (*Id.*, ¶ 2).  Phillips also represents that, if Phillips is provided with assurance that any judgment entered against GI Super Service will be satisfied by the insurance policy produced in the case, Phillips would voluntarily dismiss GISS (*Id.*, ¶ 6).

GISS fails through record evidence to explain the insurance policy defendants produced in discovery, fails to explain why the name of the insured appears as such on that policy, and fails to provide any assurance that any judgment entered against GI Super Service will be satisfied by the insurance policy produced in the case.  With all reasonable inferences from the record evidence drawn in favor of Phillips, the insurance policy defendants produced in discovery as potentially relevant evidence in this case demonstrates a relationship between the two entities GI Super Service and GISS and that, even if separate corporate entities for some purposes, GI Super Service and GISS are held out as one and the same based upon the "d/b/a" as evidenced on the policy.  As a result, the Court determines that the record evidence establishes genuine issues of material fact

in dispute that preclude this Court from granting summary judgment in this matter.  Therefore, the

Court denies GISS's motion for summary judgment on the record evidence before it.

## IV.      Conclusion

For the foregoing reasons, the Court denies GISS's motion for summary judgment (Dkt.

No. 66).

It is so ordered this 27th day of May, 2026.

_____
Kristine G. Baker
Chief United States District Judge

6