IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**SIMONE PHILLIPS, as Special
Administrator and Personal Representative
of the Estate of
JAMEKIO WILLIAMS, Deceased**                                          **PLAINTIFF**

**v.**                                          **Case No. 4:25-cv-33-KGB**

**GUADALUPE MUNOZ,** *et al.*                                          **DEFENDANTS**

## OPINION AND ORDER

Before the Court is defendants Gaudalupe Munoz, GI Super Service, Inc. ("GI Super Service"), and GISS, Inc.'s ("GISS") (collectively "Defendants") motion for partial summary judgment on punitive damages (Dkt. No. 85). Plaintiff Simone Phillips, as Special Administrator and Personal Representative of the Estate of Jamekio Williams, deceased, responded under seal (Dkt. No. 103). Defendants replied (Dkt. No. 127). For the following reasons, the Court denies Defendants' partial motion for summary judgment (Dkt. No. 85).

### I.      Factual Background

As required by Federal Rule of Civil Procedure 56 and Local Rules 56.1 and 7.2, Defendants submitted a statement of uncontested material facts regarding punitive damages (Dkt. No. 87). Phillips responded to Defendants' statement of uncontested facts under seal (Dkt. No. 95). The Court recounts the facts from Defendants' statement and Phillips's response to the statement (Dkt. Nos. 87; 95).

Munoz obtained his commercial driver's license in 2013 (Dkt. No. 95, ¶ 1). Munoz applied to work as an independent-contractor driver for GI Super Service in August 2017 (*Id.*, ¶ 2). Munoz previously worked as a commercial truck driver with J&R Schugel Trucking from February 2013 to August 2017 (*Id.*, ¶ 3).

The materials considered in Munoz's application to drive with GI Super Service included his application, his valid commercial driver's license, a medical certificate showing Munoz was physically qualified to operate a tractor-trailer, an Xchange Report, a PSP Detailed Report provided by the Federal Motor Carrier Safety Administration, a CDL license verification, and a drug and alcohol employment history statement (*Id.*, ¶ 4).  The Xchange Report revealed one Department of Transportation ("DOT") reportable accident in November 2014 (*Id.*, ¶ 5). Additionally, the PSP Report revealed two speeding violations in 2013 (*Id.*, ¶ 6).

"Munoz participated in an orientation at GI Super Service before receiving his first load where he watched videos concerning safe[sic]." (*Id.*, ¶ 7).  Munoz passed a Driver's Road Test Examination during his orientation process (*Id.*, ¶ 8).  Munoz also completed an Hours-of-Service Questionnaire and passed a drug test while working with GI Super Service (*Id.*, ¶ 9).

Munoz had no accidents while driving with GI Super Service before the accident at issue (*Id.*, ¶ 12).  Munoz received one equipment violation in 2019 (*Id.*, ¶ 13).

Munoz received annual medical examinations to determine his physical fitness to drive (*Id.*, ¶ 14).  Munoz has been diagnosed with high blood pressure and sleep apnea, both of which he received treatment for and is monitored by a DOT physician (*Id.*, ¶ 16).  Munoz received treatment for his high blood pressure, which he no longer has issues with (*Id.*, ¶ 17).  To treat his sleep apnea, Munoz sleeps with a CPAP machine that automatically reports his sleep data to a DOT physician in order to confirm his medical qualifications to operate a commercial motor vehicle (*Id.*, ¶ 18).

On September 21, 2024, Munoz and Williams were involved in a motor-vehicle accident (*Id.*, ¶ 19).  Williams's vehicle was disabled in the right lane on I-30 eastbound (*Id.*, ¶ 20).  Munoz was travelling eastbound in the right lane and ran into the rear of Williams's vehicle (*Id.*, ¶ 21).

2

Williams died as a result of the accident (*Id.*, ¶ 22). Following the accident, Munoz was transported to the hospital by the Arkansas State Police where his blood was drawn for toxicology testing (*Id.*, ¶ 23). The results of the toxicology testing performed by the Arkansas State Crime Lab were negative (*Id.*). There is no evidence that Munoz was impaired at the time of the accident (*Id.*, ¶ 24).

## II.    Summary Judgment Legal Standard

Summary judgment is appropriate if there is no genuine issue of material fact for trial. *UnitedHealth Grp. Inc. v. Exec. Risk Specialty Ins. Co.*, 870 F.3d 856, 861 (8th Cir. 2017) (citing Fed. R. Civ. P. 56). Summary judgment is proper if the evidence, when viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue of material fact such that the movant is entitled to entry of judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "The party requesting summary judgment is 'entitled to judgment as a matter of law,' Fed. R. Civ. P. 56(c), if the non-movant fails 'to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *Vaughn v. Wallace*, 496 F.3d 908, 910–11 (8th Cir. 2007) (quoting *Sallis v. Univ. of Minn.*, 408 F.3d 470, 474 (8th Cir. 2005)).

"In ruling on a motion for summary judgment '[t]he district court must base the determination regarding the presence or absence of a material issue of factual dispute on evidence that will be admissible at trial.'" *Tuttle v. Lorillard Tobacco Co.*, 377 F.3d 917, 923–24 (8th Cir. 2004) (internal citations omitted). "'Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial.'" *Johnson Reg'l Med. Ctr. v. Halterman*, 867 F.3d 1013, 1016 (8th Cir. 2017) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). A factual dispute is genuine if the evidence

could cause a reasonable juror to return a verdict for either party.  *Miner v. Local 373*, 513 F.3d 854, 860 (8th Cir. 2008).  "The mere existence of a factual dispute is insufficient alone to bar summary judgment; rather, the dispute must be outcome determinative under the prevailing law." *Holloway v. Pigman*, 884 F.2d 365, 366 (8th Cir. 1989) (citation omitted).

Parties opposing a summary judgment motion may not rest merely upon the allegations in their pleadings.  *Buford v. Tremayne*, 747 F.2d 445, 447 (8th Cir. 1984).  The initial burden is on the moving party to demonstrate the absence of a genuine issue of material fact.  *Celotex Corp.*, 477 U.S. at 323.  The burden then shifts to the nonmoving party to establish that there is a genuine issue to be determined at trial.  *Prudential Ins. Co. v. Hinkel*, 121 F.3d 364, 366 (8th Cir. 2008), *cert. denied*, 522 U.S. 1048 (1998).  "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citation omitted).

## III.   Discussion

### A.   Punitive Damages Legal Standard

Phillips claims that Defendants are liable for punitive damages, while Defendants argue that they are entitled to summary judgment on these claims (Dkt. No. 86).  Arkansas Code Annotated § 16–55–206 provides in relevant part:

> In order to recover punitive damages from a defendant, a plaintiff has the burden of proving that the defendant is liable for compensatory damages and that either or both of the following aggravating factors were present and related to the injury for which compensatory damages were awarded:
>
> (1) The defendant knew or ought to have known, in light of the surrounding circumstances, that his or her conduct would naturally and probably result in injury or damage and that he or she continued the conduct with malice or in reckless disregard of the consequences, from which malice may be inferred; or
>
> (2) The defendant intentionally pursued a course of conduct for the purpose of causing injury or damage.

Ark. Code Ann. § 16–55–206.

The Arkansas Supreme Court explains that "punitive damages [are] justified only where the evidence indicates that the defendant acted wantonly in causing the injury or with such a conscious indifference to the consequences that malice may be inferred." *Bayer CropScience LP v. Schafer*, 385 S.W.3d 922, 935 (Ark. 2011). "'It is not necessary to prove that the defendant deliberately intended to injure the plaintiff. It is enough if it is shown that, indifferent to consequences, the defendant intentionally acted in such a way that the natural and probable consequence of his act was injury to the plaintiff.'" *Id.* (quoting *National By-Products, Inc. v. Searcy Housing Moving Co.*, 731 S.W.2d 194, 195–96 (Ark. 1987)); *see* Ark. Code. Ann. § 16–55–206.

### B.    Punitive Damages As To Munoz

Munoz argues that there is no genuine dispute of material fact as to whether his conduct warrants punitive damages (Dkt. No. 86, at 8–10). Phillips argues that Munoz's inattentive driving and speeding are sufficient for a reasonable juror to conclude that Munoz acted with conscious or reckless indifference to the consequences of his actions (Dkt. No. 104, at 4). Phillips points the Court to record evidence that Munoz was speeding at and around the time of the crash (Dkt. No. 103). Phillips also points the Court to circumstantial evidence that Munoz was using his cell phone at the time of the crash.

In an older line of cases, the Arkansas Supreme Court has found evidence sufficient to support an award of punitive damages in only two types of vehicle accident cases: (1) when the defendant driver was drinking, or drunk, or using drugs, and (2) when the defendant was racing. *National Bank of Commerce v. McNeil Trucking Co.*, 828 S.W.2d 584, 588 (Ark. 1992) (Dudley, J., concurring); *see, e.g.*, *National By–Products, Inc.*, 731 S.W.2d at 196–197 (Ark. 1987) (holding

that an overweight tractor trailer exceeding the speed limit by 15 miles per hour while following too closely, by itself, did not support an award of punitive damages against the driver).

However, in 2003, in *D'Arbonne Construction Co. v. Foster*, 123 S.W.3d 894 (Ark. 2003), the Arkansas Supreme Court affirmed an award of punitive damages against the driver of a tractor trailer who was speeding and following too closely at the time of the accident. The Court also affirmed the award of punitive damages against the driver's employer because the driver had informed the employer of the truck's poor condition, and there was evidence that the employer had altered the brakes on the truck to avoid maintenance. The *D'Arbonne* court emphasized that "whether a vehicle is being operated in such a manner as to amount to wanton or willful conduct in disregard of the rights of others must be determined by the facts and circumstances in each individual case." *Id.* at 898.

Based on the parties' filings and the record before the Court, the Court concludes that genuine issues of material fact are disputed. Given these disputed issues of fact and the summary judgment record before the Court, the Court finds that a reasonable juror could find that Munoz knew, or should have known, in the light of the surrounding circumstances, that his actions would naturally and probably result in injury and that the continuation of such conduct was in reckless disregard of the consequences of his actions. *See, e.g.*, *McLane v. Rich Transp., Inc.*, Case No. 2:11-CV-00101, 2012 WL 3257658 (E.D. Ark. Aug. 9, 2012) (denying summary judgment on the issue of punitive damages when there was evidence that the defendant was on his phone during a crash); *Gaddis v. Hegler*, Case No. 3:10-CV-249, 2011 WL 2111801 (S.D. Miss. May 26, 2011) (denying summary judgment on the issue of punitive damages where there was evidence that the driver was talking on her cell phone and speeding); *Laney v. Schneider Nat. Carriers, Inc.*, Case No. 09-CV-389, 2011 WL 1667434 (N.D. Okla. May 3, 2011) (denying summary judgment on the

issue of punitive damages where the roads were slick and there was evidence that the driver was speeding, that he was not in compliance with hours of service regulations, that he had falsified log books, and that he was fatigued); *Hoskings v. King*, 676 F. Supp. 2d 441 (D.S.C. 2009) (denying summary judgment on the issue of punitive damages where the driver was talking on her cell phone immediately prior to the accident and adjusting her radio when the collision occurred). Accordingly, the Court denies Defendants' motion for summary judgment as to Phillips's claims for punitive damages against defendant Munoz.

### C.       Punitive Damages As To GI Super Service and GISS's Direct Conduct

GI Super Service and GISS argue that there is no genuine dispute of material fact as to whether their conduct warrants punitive damages (Dkt. No. 86, at 10–14).  Phillips's direct claims against GI Super Service and GISS are based on allegations of negligence, negligent hiring, negligent training, negligent supervision, and negligent retention (Dkt. No. 11, ¶¶ 49–78).  In support of the motion for summary judgment, GI Super Service and GISS argue that Munoz completed a lengthy application, certification, and training program and that Munoz's prior accidents do not rise to the level articulated in Arkansas cases where punitive damages were allowed (Dkt. No. 86, at 10–14).  Phillips argues that Munoz lied or omitted information on his employment application, that GI Super Service and GISS failed to verify information on Munoz's employment application,  that GI Super Service and GISS failed to have adequate policies to monitor and correct driver speed, and that GI Super Service and GISS policy permits drivers to exceed the posted speed limit at their discretion (Dkt. No. 104, at 17–27).

Based on the parties' filings and the record before the Court, the Court concludes that genuine issues of material fact are disputed.  Given these disputed issues of fact and the summary judgment record before the Court, the Court finds that a reasonable juror could find that GI Super

Service and GISS knew, or should have known, in the light of the surrounding circumstances, that its actions would naturally and probably result in injury and that the continuation of such conduct was in reckless disregard of the consequences of its actions. Accordingly, the Court denies defendants' motion for summary judgment as to Phillips's claims for punitive damages against defendant GI Super Service and GISS (Dkt. No. 85).

## IV.   Conclusion

For the foregoing reasons, the Court denies Defendants' motion for partial summary judgment on punitive damages (Dkt. No. 85).

It is so ordered this 27th day of May, 2026.

Kristine G. Baker
Chief United States District Judge