IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

SIMONE PHILLIPS, as Special
Administrator and Personal Representative
of the Estate of
JAMEKIO WILLIAMS, Deceased                                                    PLAINTIFF

v.                                Case No. 4:25-cv-33-KGB

GUADALUPE MUNOZ, *et al.*                                                   DEFENDANTS

## OPINION AND ORDER

Before the Court is defendants GI Super Service, Inc. ("GI Super Service"), and GISS, Inc.'s ("GISS") (collectively "Defendants") motion for partial summary judgment on Phillips's direct negligence claims (Dkt. No. 88). Plaintiff Simone Phillips, as Special Administrator and Personal Representative of the Estate of Jamekio Williams, deceased, responded under seal (Dkt. No. 106). Defendants replied (Dkt. No. 126). For the following reasons, the Court denies Defendants' motion for partial summary judgment (Dkt. No. 88).

### I.      Factual Background

As required by Federal Rule of Civil Procedure 56 and Local Rules 56.1 and 7.2, Defendants submitted a statement of uncontested material facts regarding direct negligence claims (Dkt. No. 90). Phillips responded to Defendants' statement of uncontested facts under seal (Dkt. No. 96). The Court recounts the facts from Defendants' statement and Phillips's response to the statement (Dkt. Nos. 90; 96).

Munoz obtained his commercial driver's license in 2013 (Dkt. No. 96, ¶ 1). Munoz applied to work as an independent-contractor driver for GI Super Service in August 2017 (*Id.*, ¶ 2). Munoz previously worked as a commercial truck driver with J&R Schugel Trucking from February 2013 to August 2017 (*Id.*, ¶ 3).

The materials considered in Munoz's application to drive with GI Super Service included his application, his valid commercial driver's license, a medical certificate showing Munoz was physically qualified to operate a tractor-trailer, an Xchange Report, a PSP Detailed Report provided by the Federal Motor Carrier Safety Administration, a CDL license verification, and a drug and alcohol employment history statement (*Id.*, ¶ 4).  The Xchange Report revealed one Department of Transportation ("DOT") reportable accident in November 2014 (*Id.*, ¶ 5).

"Munoz participated in an orientation at GI Super Service before receiving his first load where he watched videos concerning safe [sic]."  (*Id.*, ¶ 7).  Munoz passed a Driver's Road Test Examination during his orientation process (*Id.*, ¶ 8).  Munoz also completed an Hours-of-Service Questionnaire and passed a drug test while working with GI Super Service (*Id.*, ¶ 9).

Munoz had no accidents while driving with GI Super Service before the accident at issue (*Id.*, ¶ 12).  Munoz received one equipment violation in 2019 (*Id.*, ¶ 13).

Munoz received annual medical examinations to determine his physical fitness to drive (*Id.*, ¶ 14).  Munoz has been diagnosed with high blood pressure and sleep apnea, both of which he received treatment for and is monitored by a DOT physician (*Id.*, ¶ 16).  Munoz received treatment for his high blood pressure, which he no longer has issues with (*Id.*, ¶ 17).  To treat his sleep apnea, Munoz sleeps with a CPAP machine that automatically reports his sleep data to a DOT physician in order to confirm his medical qualifications to operate a commercial motor vehicle (*Id.*, ¶ 18).

On September 21, 2024, Munoz and Williams were involved in a motor-vehicle accident (*Id.*, ¶ 19).  Williams was the passenger in a vehicle that was disabled in the right lane on I-30 eastbound (*Id.*, ¶ 20).  Williams exited the vehicle and was standing in the lane of travel when Munoz ran into the rear of Williams's vehicle (*Id.*, ¶ 21).  Williams died as a result of the accident

2

(*Id.*, ¶ 22).  Following the accident, Munoz was transported to the hospital by the Arkansas State Police where his blood was drawn for toxicology testing (*Id.*, ¶ 23).  The results of the toxicology testing performed by the Arkansas State Crime Lab were negative (*Id.*).

## II.     Summary Judgment Legal Standard

Summary judgment is appropriate if there is no genuine issue of material fact for trial. *UnitedHealth Grp. Inc. v. Exec. Risk Specialty Ins. Co.*, 870 F.3d 856, 861 (8th Cir. 2017) (citing Fed. R. Civ. P. 56).  Summary judgment is proper if the evidence, when viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue of material fact such that the movant is entitled to entry of judgment as a matter of law.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  "The party requesting summary judgment is 'entitled to judgment as a matter of law,' Fed. R. Civ. P. 56(c), if the non-movant fails 'to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'"  *Vaughn v. Wallace*, 496 F.3d 908, 910–11 (8th Cir. 2007) (quoting *Sallis v. Univ. of Minn.*, 408 F.3d 470, 474 (8th Cir. 2005)).

"In ruling on a motion for summary judgment '[t]he district court must base the determination regarding the presence or absence of a material issue of factual dispute on evidence that will be admissible at trial.'"  *Tuttle v. Lorillard Tobacco Co.*, 377 F.3d 917, 923–24 (8th Cir. 2004) (internal citations omitted).  "'Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial.'"  *Johnson Reg'l Med. Ctr. v. Halterman*, 867 F.3d 1013, 1016 (8th Cir. 2017) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).  A factual dispute is genuine if the evidence could cause a reasonable jury to return a verdict for either party.  *Miner v. Local 373*, 513 F.3d 854, 860 (8th Cir. 2008).  "The mere existence of a factual dispute is insufficient alone to bar

summary judgment; rather, the dispute must be outcome determinative under the prevailing law." *Holloway v. Pigman*, 884 F.2d 365, 366 (8th Cir. 1989) (citation omitted).

Parties opposing a summary judgment motion may not rest merely upon the allegations in their pleadings. *Buford v. Tremayne*, 747 F.2d 445, 447 (8th Cir. 1984). The initial burden is on the moving party to demonstrate the absence of a genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 323. The burden then shifts to the nonmoving party to establish that there is a genuine issue to be determined at trial. *Prudential Ins. Co. v. Hinkel*, 121 F.3d 364, 366 (8th Cir. 2008), *cert. denied*, 522 U.S. 1048 (1998). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citation omitted).

### III.    Discussion

Defendants move for partial summary judgment asserting that defendant GI Super Service has already admitted vicarious liability, and accordingly, Phillips's claims for direct negligence are barred (Dkt. No. 89 (citing *Elrod v. G & R Construction Co.*, 628 S.W.2d 17, 18–19 (Ark. 1982)). Defendants argue that Phillips cannot invoke an exception to *Elrod* that allows a plaintiff to proceed if a plaintiff also claims punitive damages against the employer based on allegations of the employer's independent negligence (Dkt. No. 89, at 8–16). Defendants also argue that Phillips cannot succeed on a training, policies, or procedures claim against GI Super Service (Dkt. No. 89, at 16–18). Defendants also suggest that the Court should reject the application of any *Elrod* exception (*Id.*; Dkt. No. 126). Phillips argues that Defendants' punitive damages argument is premature and that Phillips should be able to proceed on her claim for punitive damages (Dkt. No. 107, at 13–18; *see* Dkt. No. 85 (Defendants' motion for partial summary judgment on punitive

damages)).  Phillips also argues that GI Super Service had inadequate policies and procedures for the safe operation of a commercial motor vehicle (Dkt. No. 107, at 2–13).

### A.    The *Elrod* Decision

In *Elrod*, the Arkansas Supreme Court explained that, when a plaintiff's claims against a defendant are brought pursuant to two theories of liability, *respondeat superior* and direct negligence, the plaintiff may "proceed on only one theory of recovery in cases where liability has been admitted as to one theory of recovery." *Elrod*, 628 S.W.2d at 19.  Generally, if a defendant admits that *respondeat superior* applies, then a plaintiff may not advance a claim for direct negligence.

Federal courts have interpreted *Elrod* as containing two exceptions.  First, there is an exception for direct negligence claims where the plaintiff "has a valid claim for punitive damages against the employer based on its independent negligence in hiring and retaining the employee." *Wheeler v. Carlton,* Case No. 3:06-cv-00068-GTE 2007 WL 30261 at *12 (E.D. Ark. Jan. 4, 2007); *see also McLane v. Rich Transport, Inc.*, Case No. 2-11-101 2012 WL 3257658 at *4 (E.D. Ark. Aug. 9, 2012).  Second, "*Elrod* is inapplicable to claims of negligence relating to the employer's policies and procedures." *McLane*, 2012 WL 3257658 at *4–5 (citing *Regions Bank v. White*, Case No. 4:06-cv-01475-JLH 2009 WL 3148732 at *5 (E.D. Ark. Sep. 24, 2009)).  Neither the Arkansas Supreme Court nor any federal court has expressly rejected the existence of *Elrod* exceptions.  *But see* Dkt. No. 126, at 17–28 (citing *Razo v. Adams*, Case No. 32CV-20-128 (Cir. Ct. Independence Cnty., Ark. Jan. 26, 2021) (unpublished state court decision rejecting *Elrod* exceptions)).

### B.    Punitive Damages Exception

Defendants argue that Phillips's direct negligence claims must be dismissed under *Elrod* because Defendants claim that they are entitled to judgment as a matter of law on Phillips's claim for punitive damages under direct negligence (Dkt. No. 89, at 8–16).  Phillips argues that Defendants have failed to produce relevant information regarding punitive damages and that, regardless of additional production, there is a genuine dispute of material fact as to punitive damages (Dkt. No. 107, at 13–18).

In its Order denying Defendants' motion for partial summary judgment on punitive damages, the Court determines that there are genuine disputes of material fact regarding punitive damages (Dkt. No. 147).  Accordingly, to the extent that Defendants seek partial summary judgment on direct negligence claims under the punitive damages *Elrod* exception, the Court denies Defendants' motion for partial summary judgment (Dkt. No. 88).

### C.    Policies And Procedures

Next, Defendants argue that Phillips's direct negligence claims stemming from GI Super Service's policies and procedures should fail as a matter of law (Dkt. No. 89, at 16–18). Defendants acknowledge that federal courts have discussed a policies and procedures exception to *Elrod* but argue that the general *Elrod* rule should apply to all direct negligence claims, regardless of the prior recognized exceptions (*Id.*, at 17; Dkt. No. 126, at 4–13).  Phillips argues that the policies and procedures exception applies and that this Court should recognize it (Dkt. No. 107, at 2–13).  This Court has previously recognized the policies and procedures exception to *Elrod*, consistent with other federal district courts, and sees no reason to change course on the law in this case.

Based on the parties' filings and the record before the Court, the Court concludes that genuine issues of material fact remain in dispute. The record before the Court includes disputed record evidence upon which a reasonable juror could conclude that GI Super Service failed to maintain adequate policies and procedures. The Court determines that the rationale articulated and applied in *Regions Bank* applies to these claims, and Phillips may pursue them. 2009 WL 3148732. Based on the disputed record evidence before the Court and drawing all reasonable inferences from that disputed record evidence in Phillips's favor, the Court denies Defendants' motion for partial summary judgment on Phillips's direct negligence claims against GI Super Service (Dkt. No. 88).

### D.    Direct Negligence Claims Against GISS

By prior Order, after the pending motion addressed in this Order was filed, the Court denied GISS's motion for summary judgment (Dkt. No. 146). GISS has not admitted vicarious liability, so the *Elrod* doctrine does not bar Phillips's direct negligence claims against GISS. Based on the disputed record evidence before the Court and drawing all reasonable inferences from that disputed record evidence in Phillips's favor, the Court denies Defendants' motion for partial summary judgment on Phillips's direct negligence claims against GISS (Dkt. No. 88).

### IV.    Conclusion

For the foregoing reasons, the Court denies Defendants' partial motion for summary judgment on Phillips's direct negligence claims (Dkt. No. 88).

It is so ordered this 27th day of May, 2026.

*Kristine G. Baker*

Kristine G. Baker
Chief United States District Judge

7