**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

| | |
|---|---|
| **SIMONE PHILLIPS, as Special** **Administrator and Personal Representative** **of the Estate of** **JAMEKIO WILLIAMS, Deceased** | **PLAINTIFF** |
| **v.**                    **Case No. 4:25-cv-33-KGB** | |
| **GUADALUPE MUNOZ,** *et al.* | **DEFENDANTS** |

**OPINION AND ORDER**

Before the Court is defendants Gaudalupe Munoz, GI Super Service, Inc. ("GI Super Service"), and GISS, Inc.'s ("GISS") (collectively "Defendants") motion for partial summary judgment on conscious pain and suffering and mental anguish claims (Dkt. No. 69).  Plaintiff Simone Phillips, as Special Administrator and Personal Representative of the Estate of Jamekio Williams, deceased, responded under seal (Dkt. No. 109).  Defendants replied (Dkt. No. 124).  For the following reasons, the Court denies Defendants' motion for partial summary judgment (Dkt. No. 69).

## I.    Factual Background

As required by Federal Rule of Civil Procedure 56 and Local Rules 56.1 and 7.2, Defendants submitted a statement of uncontested material facts regarding conscious pain and suffering claims (Dkt. No. 71).  Phillips responded to Defendants' statement of uncontested facts under seal (Dkt. No. 97).  The Court recounts the facts from Defendants' statement of uncontested facts and Phillips's response to the statement (Dkt. Nos. 71; 97).

Phillips's wrongful death and survival action seeks to recover damages relating to the early morning September 21, 2024, death of Williams (Dkt. No. 97, ¶ 1).  Williams was standing in the outside lane of I30 on the driver's side of the Phillips vehicle when, at approximately 2:50 a.m.,

he and the Phillips vehicle were struck by a tractor trailer being driven by Munoz (*Id.*, ¶ 2). At the time Williams was struck, the tractor trailer was travelling about 67 miles per hour just before the collision (*Id.*, ¶ 3). Phillips does not dispute this fact but notes that Munoz exceeded the speed limit prior to impact (*Id.*).

Following impact, Williams's body was propelled from its position alongside the left side of the car in the right lane of I30 to a place on the shoulder farther down the Interstate (*Id.*, ¶ 4). Williams was officially pronounced dead at 3:26 a.m. (*Id.*, ¶ 5). The first medical care provider to assess Williams was MEMS paramedic Abby Billings (*Id.*, ¶ 8). Paramedic Billings assessed and then treated Williams up until turning over his care to Emergency Department personnel at the UAMS Emergency Department (*Id.*, ¶ 9). Paramedic Billings found Williams to have suffered, among many other injuries, "an open skull fracture to his forehead area, with brain matter exposed." (*Id.*, ¶ 11 (quoting Dkt. No. 69-2, at 5)). Williams had to be placed on a ventilator (Dkt. No. 97, ¶ 12).

By the time Williams was placed in the ambulance, his pulse was gone, and CPR had to be commenced (*Id.*, ¶ 14). When first assessed at the UAMS Emergency Department, he was found to be apneic, with a Glasgow Coma Scale Score of 3 pea/no pulses and "code blue, unresponsive." (*Id.*, ¶ 16 (quoting Dkt. No. 69-3, at 21–22, 28–29)). Dr. Sowmya Sivajumar, M.D., set a time of death of 3:26 a.m., having noted asystole on cardiac monitor and absence of organized cardia activity on bedside ultrasound (Dkt. No. 97, ¶ 16). Williams's unconscious condition did not change from his arrival at the hospital until the time he was pronounced deceased (*Id.*, ¶ 17).

## II.     Summary Judgment Legal Standard

Summary judgment is appropriate if there is no genuine issue of material fact for trial. *UnitedHealth Grp. Inc. v. Exec. Risk Specialty Ins. Co.*, 870 F.3d 856, 861 (8th Cir. 2017) (citing

Fed. R. Civ. P. 56). Summary judgment is proper if the evidence, when viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue of material fact such that the movant is entitled to entry of judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "The party requesting summary judgment is 'entitled to judgment as a matter of law,' Fed. R. Civ. P. 56(c), if the non-movant fails 'to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *Vaughn v. Wallace*, 496 F.3d 908, 910–11 (8th Cir. 2007) (quoting *Sallis v. Univ. of Minn.*, 408 F.3d 470, 474 (8th Cir. 2005)).

"In ruling on a motion for summary judgment '[t]he district court must base the determination regarding the presence or absence of a material issue of factual dispute on evidence that will be admissible at trial.'" *Tuttle v. Lorillard Tobacco Co.*, 377 F.3d 917, 923–24 (8th Cir. 2004) (internal citations omitted). "'Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial.'" *Johnson Reg'l Med. Ctr. v. Halterman*, 867 F.3d 1013, 1016 (8th Cir. 2017) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). A factual dispute is genuine if the evidence could cause a reasonable jury to return a verdict for either party. *Miner v. Local 373*, 513 F.3d 854, 860 (8th Cir. 2008). "The mere existence of a factual dispute is insufficient alone to bar summary judgment; rather, the dispute must be outcome determinative under the prevailing law." *Holloway v. Pigman*, 884 F.2d 365, 366 (8th Cir. 1989) (citation omitted).

Parties opposing a summary judgment motion may not rest merely upon the allegations in their pleadings. *Buford v. Tremayne*, 747 F.2d 445, 447 (8th Cir. 1984). The initial burden is on the moving party to demonstrate the absence of a genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 323. The burden then shifts to the nonmoving party to establish that there is a genuine

3

issue to be determined at trial. *Prudential Ins. Co. v. Hinkel*, 121 F.3d 364, 366 (8th Cir. 2008), *cert. denied*, 522 U.S. 1048 (1998). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citation omitted).

**III.    Discussion**

Defendants argue that they are entitled to judgment as a matter of law as to Williams's claims for conscious pain and suffering or mental anguish (Dkt. No. 70, at 1). Defendants argue that Williams was not conscious at any point after he was struck by Munoz's tractor trailer (*Id.*). Phillips, citing to the testimony of paramedic Vivian Noble and Phillips's own observations at the scene, among other evidence, argues that there is a genuine dispute of material fact as to whether Williams was conscious for a period of time after the collision and before his death (Dkt. No.. 110 (citing Dkt. No. 111, at 6)). Defendants argue in reply that "aside from one deposition passage," Phillips fails to provide record evidence that could establish Williams was conscious after the collision (Dkt. No. 124, at 2). Defendants also argue that the deposition testimony Phillips cites from Noble is taken out of context because, on other occasions, Noble stated that Williams was unconscious, and a different paramedic, Billings, testified Williams was unconscious the entire time (*Id.*, at 5–7).

To recover for Williams's pain and suffering in a wrongful death action, Phillips must prove that Williams consciously experienced pain and suffering after the impact with Munoz's tractor trailer. *New Prosect Drilling Co. v. First Commercial Trust, N.A.*, 966 S.W.2d 233, 240–41 (Ark. 1998) (affirming damages award for conscious pain and suffering after finding testimony before the court sufficient to show conscious pain and suffering); *Missouri Pacific R. Co v. Mackey*, 760 S.W.2d 59, 62–36 (Ark. 1988) (requiring some evidence that decedent may have

been conscious for some amount of time after train collision and before death to recover conscious pain and suffering damages).

The parties dispute whether Williams was conscious for any amount of time after the collision.  In the light most favorable to the non-moving party Phillips, the Court finds that there is a genuine dispute of material fact regarding Williams's consciousness.  Phillips points the Court to record evidence that, in the light most favorable to Phillips, precludes this Court from granting summary judgment on this issue.  A reasonable juror could conclude that Williams was conscious for some amount of time after the collision.

**IV.   Conclusion**

For the foregoing reasons, the Court denies Defendants' partial motion for summary judgment on conscious pain and suffering and mental anguish (Dkt. No. 69).

It is so ordered this 29th day of May, 2026.

Kristine G. Baker
Chief United States District Judge