**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**SIMONE PHILLIPS, as Special**
**Administrator and Personal Representative**
**of the Estate of**
**JAMEKIO WILLIAMS, Deceased**                                    **PLAINTIFF**

**v.**                            **Case No. 4:25-cv-33-KGB**

**GUADALUPE MUNOZ,** *et al.*                                    **DEFENDANTS**

**OPINION AND ORDER**

Before the Court is plaintiff Simone Phillips's, as Special Administrator and Personal Representative of the Estate of Jamekio Williams, deceased, sealed motion for partial summary judgment on the issue of comparative fault (Dkt. No. 79).  Defendants Gaudalupe Munoz, GI Super Service, Inc. ("GI Super Service"), and GISS, Inc.'s ("GISS") (collectively "Defendants") responded under seal (Dkt. No. 118).  Phillips replied under seal (Dkt. No. 121).  For the following reasons, the Court denies Phillips's motion for partial summary judgment on the issue of comparative fault (Dkt. No. 79).  However, to the extent that Phillips seeks to prevent GI Super Service from taking a position at trial inconsistent with Stan Yantchev's Federal Rule of Civil Procedure 30(b)(6) deposition testimony, the Court grants Phillips's request (*Id.*).  To the extent GI Super Service seeks to take a position at trial different from Yantchev's Rule 30(b)(6) deposition testimony, GI Super Service must offer an extraordinary explanation to allow the corporation to retreat from binding admissions in the testimony of the Rule 30(b)(6) designee and obtain a specific ruling from this Court permitting the corporation to do so.

## I.       Factual Background

As required by Federal Rule of Civil Procedure 56 and Local Rules 56.1 and 7.2, Phillips submitted under seal a statement of uncontested material facts in support of motion for partial

summary judgment on the issue of comparative fault (Dkt. No. 78).  Defendants responded to Phillips's statement of facts under seal (Dkt. No. 117).  The Court recounts the facts from Phillips's statement of facts and Defendants response to the statement of facts (Dkt. Nos. 78; 117).

On September 21, 2024, Gaudalupe Munoz struck the Mazda owned by Phillips (Dkt. No. 117, ¶ 1).  The Mazda became disabled prior to the collision (*Id.*, ¶ 2).  The Mazda was stationary in the far right lane of Interstate 30 (*Id.*, ¶ 3).  Williams had exited the Mazda and was standing on the driver's side of the vehicle prior to the collision (*Id.*, ¶ 5).  The emergency flashers were turned on (*Id.*, ¶ 6).  Williams had alcohol and THC in his blood at the time of the impact (*Id.*, ¶ 8).

## II.      Summary Judgment Legal Standard

Summary judgment is appropriate if there is no genuine issue of material fact for trial. *UnitedHealth Grp. Inc. v. Exec. Risk Specialty Ins. Co.*, 870 F.3d 856, 861 (8th Cir. 2017) (citing Fed. R. Civ. P. 56).  Summary judgment is proper if the evidence, when viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue of material fact such that the movant is entitled to entry of judgment as a matter of law.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  "The party requesting summary judgment is 'entitled to judgment as a matter of law,' Fed. R. Civ. P. 56(c), if the non-movant fails 'to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'"  *Vaughn v. Wallace*, 496 F.3d 908, 910–11 (8th Cir. 2007) (quoting *Sallis v. Univ. of Minn.*, 408 F.3d 470, 474 (8th Cir. 2005)).

"In ruling on a motion for summary judgment '[t]he district court must base the determination regarding the presence or absence of a material issue of factual dispute on evidence that will be admissible at trial.'"  *Tuttle v. Lorillard Tobacco Co.*, 377 F.3d 917, 923–24 (8th Cir. 2004) (internal citations omitted).  "'Where the record taken as a whole could not lead a rational

2

trier of fact to find for the non-moving party, there is no genuine issue for trial.'" *Johnson Reg'l Med. Ctr. v. Halterman*, 867 F.3d 1013, 1016 (8th Cir. 2017) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).  A factual dispute is genuine if the evidence could cause a reasonable jury to return a verdict for either party.  *Miner v. Local 373*, 513 F.3d 854, 860 (8th Cir. 2008).  "The mere existence of a factual dispute is insufficient alone to bar summary judgment; rather, the dispute must be outcome determinative under the prevailing law." *Holloway v. Pigman*, 884 F.2d 365, 366 (8th Cir. 1989) (citation omitted).

Parties opposing a summary judgment motion may not rest merely upon the allegations in their pleadings.  *Buford v. Tremayne*, 747 F.2d 445, 447 (8th Cir. 1984).  The initial burden is on the moving party to demonstrate the absence of a genuine issue of material fact.  *Celotex Corp.*, 477 U.S. at 323.  The burden then shifts to the nonmoving party to establish that there is a genuine issue to be determined at trial.  *Prudential Ins. Co. v. Hinkel*, 121 F.3d 364, 366 (8th Cir. 2008), *cert. denied*, 522 U.S. 1048 (1998).  "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citation omitted).

### III.    Discussion

Phillips argues that she is entitled to partial summary judgment on Defendants' affirmative defense of Phillips and Williams's comparative negligence (Dkt. No. 80, at 1).  Phillips's argument does not distinguish between each separate defendant.  First, Phillips argues that there is no genuine dispute of material fact as to whether Phillips and Williams's conduct was negligent (*Id.*, at 1–10).  Second, Phillips argues that Defendants should be bound by the testimony of separate defendant GI Super Service's Federal Rule of Civil Procedure 30(b)(6) witness, Yantchev, who testified that he did not know which specific actions formed the basis of GI Super Service's

3

affirmative defense of comparative negligence (Dkt. No. 80, at 16 (quoting Dkt. No. 81, at 26)). Defendants, with citation to record evidence, argue that there are extensive disputes of material fact regarding whether Phillips and Williams were negligent (Dkt. No. 116, at 11–14).  Defendants also argue that Phillips's Rule 30(b)(6) argument fails because the corporation is allowed to present proof through sources other than the Rule 30(b)(6) witness and because objections were lodged to the cited portions of Yantchev's testimony.  In reply, Phillips argues that Defendants cite no authority in support of their Rule 30(b)(6) arguments or authority contrary to the cases that Phillips cited in her brief (Dkt. No. 121).  Phillips's reply acknowledges that Defendants' response cites to record evidence relevant to the affirmative defense of comparative fault (*Id.*).

### A.     Rule 30(b)(6) Testimony

### 1.     Legal Standard

Federal Rule of Civil Procedure 30(b)(6) provides as follows:

> In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination.  The named organization must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify.  Before or promptly after the notice or subpoena is served, the serving party and the organization must confer in good faith about the matters for examination.  A subpoena must advise a nonparty organization of its duty to confer with the serving party and to designate each person who will testify.  The persons designated must testify about information known or reasonably available to the organization.  This paragraph (6) does not preclude a deposition by any other procedure allowed by these rules.

Fed. R. Civ. P. 30(b)(6).

The Eighth Circuit explains that "the requesting party must reasonably particularize the subjects of the intended inquiry so as to facilitate the responding party's selection of the most suitable deponent." *Prokosch v. Catalina Lighting, Inc.*, 193 F.R.D. 633, 638 (8th Cir. 2000).  The responding party, "having been specifically notified as to the specific areas of exploration, is

obligated to produce a deponent who has been suitably prepared to respond to questioning within that scope of inquiry." *Id.* Indeed, "'[c]orporations, partnerships, and joint ventures have a duty to make a conscientious, good-faith effort to designate knowledgeable persons for Rule 30(b)(6) depositions and to prepare them to fully and unevasively answer questions about the designated subject matter.'" *Id.* (quoting *Starlight Intern, Inc. v. Herlihy*, 186 F.R.D. 626, 639 (D. Kan 1999)). "[O]nce notified as to the reasonably particularized areas of inquiry, the corporation then must not only produce such number of persons as will satisfy the request, but more importantly, prepare them so that they may give complete, knowledgeable and binding answers on behalf of the corporation." *Prokosch*, 193 F.R.D. at 638 (internal quotations omitted).

The Fifth Circuit explains that "[w]hen a corporation produces an employee pursuant to a Rule 30(b)(6) notice, it represents that the employee has the authority to speak on behalf of the corporation with respect to the areas within the notice of deposition. This extends not only to facts, but also to subjective beliefs and opinions." *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 433 (5th Cir. 2006). A Rule 30(b)(6) deposition is unique because, "by its terms, Federal Rule of Civil Procedure 30 provides that a Rule 30(b)(6) witness is competent to testify even without personal knowledge." *State Farm Fire and Casualty Co. v. Air Vents, Inc.*, 577 F.Supp.3d 941, 949 (D.N.D. 2021).

It is an open question in the Eighth Circuit as to whether a Rule 30(b)(6) designee's testimony is binding on the organization or entity. Some courts "read[] Rule 30(b)(6) as precluding defendants from adducing from [other witnesses] a theory of the facts that differs from that articulated by the designated representatives." *Rainey v. American Forest and Paper Ass'n, Inc.*, 26 F.Supp.2d 82, 94 (D.D.C. 1998); *see Estate of Thompson v. Kawasaki Heavy Industries, Ltd.*, 291 F.R.D. 297, 304 (N.D. Iowa 2013) (citing cases where courts found that Rule 30(b)(6) witness

testimony is binding); *see also Hopman v. Union Pacific Railroad*, Case No. 4:18-cv-00074-KGB 2021 WL 2694236 at *10 (E.D. Ark. June 30, 2021) (finding that Rule 30(b)(6) testimony should bind the entity).  The Seventh Circuit takes a different approach and treats Rule 30(b)(6) deposition testimony like any deponent's testimony at trial.  *A.I. Credit Corp. v. Legion Ins. Co.*, 265 F.3d 630, 637 (7th Cir. 2001).

### 2.      Analysis

Phillips argues that GI Super Service was properly noticed of topics for the Rule 30(b)(6) deposition of Yantchev, including questions about the factual basis for affirmative defenses including comparative fault (Dkt. No. 80, at 16).  Phillips argues that Yantchev's response to questions about that factual basis—including "I don't know"—should bind Defendants (*Id.*, at 11 (quoting Dkt. No. 81, at 26)).  Defendants argue, without citation to authority, that Phillips's argument is "frivolous both legally and factually" and is "absurd[]."  (Dkt. No. 116).  The Court understands Defendants to argue that a Rule 30(b)(6) witness's answer of "I don't know" cannot bind the corporation when the corporate representative cannot address all issues in the case, especially when that corporate representative lacks personal knowledge or expert qualification (*Id.*).  Defendants also argue that Phillips's cited deposition testimony is "cherry picked" from the transcript; however, Defendants do not cite the Court to other portions of the transcript that demonstrate Yantchev described with any level of detail the factual basis for GI Super Service's affirmative defense (*Id.*, at 15).

The Court agrees with Phillips's understanding of Rule 30(b)(6) and finds that defendant GI Super Service is bound by Yantchev's testimony.  The Court finds that "some extraordinary explanation must be required before a corporation is allowed to retreat from binding admissions in the testimony of its Rule 30(b)(6) designee."  *Estate of Thompson*, 291 F.R.D. at 304.  Thus,

"[u]nless it can prove that the information was not known or was inaccessible, a corporation cannot later proffer new or different allegations that could have been made at the time of the 30(b)(6) deposition." *Rainey*, 26 F.Supp.2d at 94.

The Court addresses Defendants' opposition. First, the Court disagrees with Defendants' characterization of Phillips's argument. Defendants characterize Phillips's argument as requiring a Rule 30(b)(6) representative to have "personal knowledge and expert knowledge of all fault related issues" in order to answer the question about the specific factual basis for GI Super Service's affirmative defense that Phillips and Williams's actions were a contributing factor to the crash (Dkt. No. 116, at 14). The Court does not understand Phillips to argue that Yantchev requires personal knowledge of Phillips and Williams's specific actions that GI Super Service believes were a contributing factor to this crash. Instead of personal knowledge, the 30(b)(6) designee must be properly prepared to assert the factual basis for the company's defense. *Air Vents, Inc.*, 577 F.Supp.3d 949. The same is true regarding expert opinions, as Yantchev is not required to provide expert opinions in support of GI Super Service's defense; instead, Yantchev is required to provide the specific factual basis for GI Super Service's defense.

Second, to the extent that Defendants contend Phillips "cherry picked" Yantchev's testimony, Defendants have not pointed the Court to any additional testimony where Yantchev identified with any level of specificity the factual basis upon which GI Super Service argues that Phillips and Williams are at fault. The Court does not understand Defendants to have supplemented or corrected Yantchev's testimony after the deposition. The Court is puzzled by how the testimony Phillips cites is "cherry picked" if that testimony is Yantchev's full and complete testimony about GI Super Service's factual basis for Phillips and Williams's alleged negligent conduct.

Moreover, to the extent that Defendants argue that the quoted testimony was subject to written and oral objection, Defendants, as of the filing of their response to the motion, have not raised that objection with the Court to permit a ruling (Dkt. No. 116, at 15).  However, to the extent that Defendants argue that Phillips was prohibited from asking about the factual basis of GI Super Service's position that Phillips and Williams's actions contributed to the crash and that Defendants asserted and rely upon such an objection here, the Court overrules Defendants' objection.  The Court acknowledges Defendants' argument that a Rule 30(b)(6) designee need not articulate a corporation's legal theory (Dkt. No. 118, at 54–55).  However, a Rule 30(b)(6) designee must articulate the factual basis of the corporation's claims and defenses.  Indeed, the authority Defendants cite in their objections to the noticed topics expressly recognizes that a party has the "right to discover the facts upon which [opposing party] will rely for its defense and counterclaims." *In re Independent Service Organizations Antitrust Litig.*, 168 F.R.D. 651, 654 (D. Kan. 1996).  That is precisely what the question posed by counsel for Phillips and Williams asked.  Yantchev's answer of "I don't know" fails to articulate a factual basis for GI Super Service's affirmative defense.

Accordingly, to the extent that Phillips seeks to bar GI Super Service from taking a position now or at trial that is inconsistent with Yantchev's Rule 30(b)(6) testimony, the Court grants Phillips's motion.  To the extent GI Super Service seeks to take a position at trial different from Yantchev's Rule 30(b)(6) deposition testimony, GI Super Service must offer an extraordinary explanation to allow the corporation to retreat from binding admissions in the testimony of the Rule 30(b)(6) designee and obtain a specific ruling from this Court permitting the corporation to do so.

B.    **Comparative Fault**

With respect to the affirmative defense of comparative fault, the Court finds that there is a genuine dispute of material fact as to whether Phillips and Williams were negligent.  Phillips argues that Phillips and Williams complied with all statutory duties so that they were not negligent (Dkt. No. 80, at 2–10).  Defendants, with citation to record evidence, argue that Phillips and Williams did not comply with each statutory duty (Dkt. No. 116, at 2–8).  Phillips's reply does not address Defendants' arguments with respect to competing proof that Phillips and Williams did not comply with statutory duties.

In the light most favorable to the nonmoving party, a reasonable jury could conclude that Phillips and Williams were negligent.  Accordingly, the Court denies Phillips's motion for partial summary judgment on the issue of comparative fault (Dkt. No. 79).

IV.    **Conclusion**

For the foregoing reasons, the Court grants, in part, and denies, in part, Phillips's motion for partial summary judgment (Dkt. No. 79).  The Court grants consistent with the terms of this Order Phillips's motion to the extent it seeks to bar defendant GI Super Service from taking a position at trial that is inconsistent with Yantchev's testimony (*Id.*).  The Court otherwise denies Phillips's motion for summary judgment (*Id.*).

It is so ordered this 1st day of June, 2026.

Kristine G. Baker
Chief United States District Judge

9